*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2000 FED App. 0407P (6th Cir.)
File Name: 00a0407p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ELITIA FISHER,
            *Plaintiff-Appellee,*

            *v.*

THE CITY OF MEMPHIS; W. W.
HERENTON; WALTER
WINFREY, Director of the
Memphis Police Department,
Individually and in his official
capacity,
            *Defendants,*

WILLIAM D. TAYLOR, City of
Memphis Police Officer,
            *Defendant-Appellant.*

Nos. 98-5902/6550

Appeal from the United States District Court for the
Western District of Tennessee at Memphis.
No. 96-03320—Jerome Turner, District Judge.

Submitted: September 13, 2000

Decided and Filed: December 4, 2000

1

Before:  NORRIS and DAUGHTREY, Circuit Judges;
WISEMAN, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Debra L. Fessenden, Thomas E. Hansom, LAW OFFICES OF THOMAS E. HANSOM, Memphis, Tennessee, for Appellant.   Jeffrey S. Rosenblum, ROSENBLUM & REISMAN, Memphis, Tennessee, for Appellee.

_____

**OPINION**

_____

WISEMAN, District Judge. Defendant-Appellant William D. Taylor ("Defendant"), a Memphis police officer, appeals the jury verdict of $10,000 and the district court's award of attorney's fees to Plaintiff-Appellee Elitia Fisher ("Plaintiff") pursuant to 42 U.S.C. §§ 1983 and 1988.  Defendant argues that the district court erred in its jury instructions, in allowing Plaintiff to present certain evidence to the jury, and in its award of attorney fees to the Plaintiff.  For the reasons stated herein, we **AFFIRM** the jury verdict and uphold the district court's award of attorneys' fees.

**I.**

On March 24, 1996, Officer William Taylor of the Memphis Police Department stopped to speak to two young women.  As they spoke in the middle of Speed Street, they noticed a vehicle driven by Demetria Becton ("Becton") approaching in their direction.  To avoid being hit, the two women jumped onto the curb, and the Officer jumped onto the hood of his police car, simultaneously firing his gun at the

_____

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

**X.**

Because the Defendant has failed to raise any error by the district court that warrants reversal, the jury verdict of the district court and its award of attorneys' fees are **AFFIRMED**.

stop the car, effectively seizing everyone inside, including the Plaintiff. Thus, because the Defendant "seized" the Plaintiff by shooting at the car, the district court did not err in analyzing the Defendant's actions under the Fourth Amendment.

## VIII.

The Defendant also claims that the jury should have been instructed with regards to the possibility of attorneys' fees under 42 U.S.C. § 1988. The Defendant cites *Farrar v. Hobby*, 113 S.Ct. 566, 572 (1992), for the proposition that the jury should be advised of the possibility of attorneys' fees because "(L)iability on the merits and responsibility for fees go hand in hand." In *Farrar*, however, the court was not discussing the question of whether a jury deciding the merits should be made aware of the potential for recovery of attorneys' fees. The Court was instead addressing why attorneys' fees under §1988 were available only to prevailing parties. While the Sixth Circuit has not addressed this issue, other courts have found that it is clear error to instruct a jury as to the potential for attorneys' fees. *See*, *e.g.*, *Brooks v. Cook*, 938 F.2d 1048, 1051-52 (9th Cir. 1991)(reversing for abuse of discretion a district judge's decision to instruct a jury on § 1988 attorneys' fees). In addition, it is clearly prejudicial to instruct a jury as to the potential for attorneys' fees when it is deciding the merits of the underlying § 1983 action. Defendant's claim is thus without merit.

## IX.

The Defendant lastly claims that attorneys' fees should not have been awarded. The Defendant particularly cites the poor record-keeping of the Plaintiff. Given the "district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters," an award of attorneys' fees under § 1988 is entitled to substantial deference. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). There is no indication in the record that the district court abused its discretion in awarding attorneys' fees in this instance.

car. The bullet went through the driver's side window and hit the passenger, Elitia Fisher.

As a result of this incident, Ms. Fisher filed suit against Officer Taylor in federal district court pursuant to 42 U.S.C. § 1983, alleging deprivations of her Fourth, Eighth, and Fourteenth Amendment rights. Defendant moved for summary judgment on all claims. The district court subsequently dismissed the Eighth and Fourteenth Amendment claims pursuant to Defendant's summary judgment motion. The court, however, denied the motion as to the Fourth Amendment claim, finding an issue of material fact as to whether Defendant's actions were reasonable under the Fourth Amendment. Neither party appealed the partial grant of summary judgment.

At trial, the jury reached a verdict for Plaintiff, and awarded her $10,000, with the court awarding an additional $10,000 for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Defendant now appeals the judgment against him on eight grounds: (1) the court erred by allowing the Plaintiff to submit evidence of losses which were not previously disclosed as required by Rule 26 of the Federal Rules of Evidence; (2) the court erred by allowing certain testimony of Mike Gatlin, Becton's attorney, and limiting cross-examination of him; (3) the court erred by not allowing the Defendant to make a motion for judgment as a matter of law at the conclusion of the entire case; (4) the court erred by failing to instruct the jury as to Tennessee statutes governing a police officer's conduct; (5) the court erred by not giving the Defendant's proposed jury instructions as to qualified immunity; (6) the court should have instructed the jury that the wounding of the Plaintiff was accidental and thus not actionable under § 1983 or, alternatively, the court should have analyzed the claim as one arising under the Fourteenth Amendment; (7) the court erred by not instructing the jury as to 42 U.S.C. § 1988; (8) the court erred in granting attorneys' fees.

## II.

Defendant first contends that the district court erred by admitting Plaintiff's medical records which had not been previously disclosed into evidence. During discovery, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant sought disclosure of Plaintiff's medical records of the treatment she received after being shot. Without attaching copies of any medical records, Plaintiff responded by stating that she had incurred almost $1000 of medical expenses. The district court admitted the medical records into evidence over Defendant's objection, stating that:

> Obviously, Mr. Rosenblum has not done what he should have done in delivering the documents to the opposing side, as Rule 26 requires. But in this kind of case, an admitted shooting and admitted hitting . . . . You have had the opportunity to get the records yourself . . . . Rule 26 needs to be followed, but to keep out hospital records on a stipulated shooting doesn't seem to me to be the kind of thing that achieves what we are trying to achieve in these trials.

This court reviews evidentiary rulings of this kind under an abuse of discretion standard. *See Beil v. Lakewood Eng'g. and Mfg. Co.*, 15 F.3d 546, 551-52 (6th Cir. 1994).

A reviewing court finds an abuse of discretion when it reaches a "definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578-79 (6th Cir.1998)(quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989)). A court also abuses its discretion when it "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *United States v. Hart*, 70 F.3d 854, 859 (6th Cir.1995). Here, there is no evidence that the district court based its ruling on erroneous findings of fact, and there is no clear error of judgment on the part of the district court. Thus, the district court did not abuse its discretion in this instance.

§ 1983 claims "which seek remuneration for physical injuries inadvertently inflicted upon an innocent party by police officers' use of force while attempting to seize a perpetrator,"[2] *Claybrook* emphasized that police officers do seize any person who is a "deliberate object of their exertion of force." *Id.* at 359. Here, Becton's car was the intended target of Defendant's intentionally applied exertion of force.[3] By shooting at the driver of the moving car, he intended to

---

[2] In *Claybrook*, the plaintiff, Quintana Claybrook was the victim of an officer's errant bullet during a shootout involving her father-in-law, Royal Claybrook. The police were unaware that she was hiding inside her parked car during the shootout. The *Claybrook* court held that there was no seizure because the officers had no idea that they were exerting force on the plaintiff.

[3] It is important to note the distinction in factual circumstances between this case and those in *Claybrook* to account for the different outcome here. In *Claybrook*, the officers were not firing at the parked car that Ms. Claybrook was hiding in, but instead shooting at Claybrook's father-in-law, who was standing in the parking lot near the parked car. None of the officers realized that Ms. Claybrook was in the car, and they were not aiming at the car, but instead trying to shoot at Royal Claybrook who was standing in front of the parked car. By contrast, in this case, Defendant fired directly at Ms. Becton's car in an attempt to stop the car and its passengers. Plaintiff was inside the moving car that was the object of defendant's intentionally applied force.

This situation is also different from cases involving hostages, where an officer is attempting to shoot one individual (the fleeing felon) and avoid another (the hostage). *See, e.g., Childress v. City of Arapaho*, 210 F.3d 1154, 1156-57 (10th Cir. 2000)(finding, in hostage shooting case, no Fourth Amendment "seizure" because "[t]he officers intended to restrain the minivan and the fugitives, not [the hostages]"); *Medeiros v. O'Connell*, 150 F,3d 164, 167-68 (2d Cir. 1998)(endorsing *Landol-Rivera*, and holding that where a hostage is struck by an errant bullet, the governing principle is that such consequences cannot form the basis for a Fourth Amendment violation); *Landol-Rivera*, 906 F.2d 791 (1st Cir. 1990)(holding that a hostage injured when police fired at a suspect's getaway car was not "seized" for Fourth Amendment purposes). The officer here was not attempting to distinguish between Ms. Fisher and Ms. Becton. He was firing in an attempt to stop the vehicle.

summary judgment in its claim that the Fourteenth Amendment was not the proper standard and that Plaintiff had no claim under the Fourteenth Amendment. Because neither side appealed the partial grant of summary judgment, both sides are foreclosed from asserting that the Fourteenth Amendment is the proper standard for analysis. Defendant can still assert, however, that the Fourth Amendment was the wrong constitutional standard for analysis, and thus this court will address that contention.

In its decision to analyze Defendant's actions under the Fourth Amendment, the district court relied on *Graham v. Connor*, 490 U.S. 386, 395 (1989), which stated that "all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." In *Sacramento v. Lewis*, 523 U.S. 833, 840 (1998), the Supreme Court clarified that *Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under substantive due process.

In addition, the United States Supreme Court has stated that a Fourth Amendment seizure occurs when governmental termination of freedom is through means intentionally applied. *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). Therefore, violation of the Fourth Amendment requires an intentional acquisition of physical control. As a result, a seizure occurs even when an unintended person or thing is the object of the detention or taking, so long as the detention or taking itself is willful. *Id.*

In its recent decision in *Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000), this Circuit applied *Brower* in determining whether a victim of an errant bullet in a shootout fell within the scope of Fourth Amendment seizure. While recognizing that the Fourth Amendment does not apply to

### III.

Defendant next argues that the district court erred in allowing the hearsay testimony of Mike Gatlin ("Gatlin"), Ms. Becton's attorney, and limiting the cross-examination of him. This court generally reviews evidentiary rulings under an abuse of discretion standard. *See United States v. Hawkins*, 969 F.2d 169, 174 (6th Cir.1992). However, it reviews *de novo* a district court's decision to admit or exclude evidence on hearsay grounds. *See United States v. Johnson*, 71 F.3d 539, 543 (6th Cir.1995)

Defendant's specific claim is that Gatlin should not have been allowed to testify to the rationale of Becton's pleading guilty because it constituted hearsay. Gatlin, however, did not directly address Becton's rationale in pleading guilty to a misdemeanor assault and DUI charge. He simply explained the penalties that she faced under the initial felony charge of reckless endangerment, and told the jury the outcome of her plea (that she did not face any jail time). Thus, Defendant's claim that Gatlin's testimony was hearsay lacks merit.

In addition, the court did not abuse its discretion in refusing to allow Defendant to cross-examine Gatlin on the prior criminal offenses of Ms. Becton. The district court properly decided under Rule 403 of the Federal Rules of Evidence that allowing cross-examination on these offenses would be unduly prejudicial and offer little probative value.

### IV.

Defendant next asserts that the district court erred by not allowing him to make a motion for judgment as a matter of law at the conclusion of the entire case. Defendant's claim is without merit because he did have ample opportunity to make a motion for a judgment as a matter of law at the end of the entire case.

### V.

Defendant also argues that the district court erred in failing to instruct the jury as to Tennessee statutes governing a police officer's conduct. At trial Defendant attempted to introduce three statutes dealing with the duty of police officers to arrest individuals suspected of breaking the law.[1] The district court declined to admit the statutes into evidence and refused to include them in the jury instructions on the grounds that they were not relevant to the issue at hand, which was self-defense, not neglect of duty.

This court reviews a claimed error or omission in jury instructions to see whether the charge as a whole "fairly and accurately" submits the issues and applicable law to the jury. *Miller v. Taylor*, 877 F.2d 469, 471 (6th Cir. 1989)(per curiam). In this instance, the instructions to the jury accurately framed the issue as one of self-defense. The duty of the officer to arrest those breaking the law is not relevant to this determination.

### VI.

Defendant also contends that the district court erred by not giving the jury an instruction as to qualified immunity. In this case, the district court had ruled that the factual dispute as to the behavior of the car driven by Becton as it approached Taylor prevented the granting of summary judgment on the issue of qualified immunity. While the issue of qualified immunity normally rests with the court, in cases arising under the Fourth Amendment's reasonableness standard the

---

[1]Specifically, Defendant alleged that the court should instruct the jury as to T.C.A. §§ 38-3-107, 108, and 111. T.C.A. § 38-3-107 provides that an officer who neglects his duty in the prevention of a public offense commits a Class C misdemeanor. Similarly, T.C.A. § 38-3-108 states that police officers have a duty to arrest anyone suspected of "being armed with the intention of . . . assaulting, wounding, or killing another. . ." Lastly, T.C.A. § 38-3-111 provides that an officer knowingly failing or refusing to perform the duty prescribed in §38-3-108 commits a Class C misdemeanor.

applicability of qualified immunity will often turn on the resolution of contested factual issues. "Where, as here, the legal question of qualified immunity turns upon which version of facts one accepts, the jury, not the judge, must determine liability." *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 902 (6th Cir. 1998). In this case, the district court charged the jury to consider whether Officer Taylor's use of deadly force had been objectively unreasonable; that is, to resolve the continuing factual dispute as to the car's behavior as it came towards Officer Taylor. There was no error in such instructions.

### VII.

Defendant additionally argues that the district court erred by failing to instruct the jury that the wounding of the Plaintiff was accidental and thus not actionable under § 1983, or in the alternative, that the court erred in analyzing the claim as one arising under the Fourth Amendment. Defendant is correct in noting that to state a claim under 42 U.S.C. § 1983, a Plaintiff must demonstrate more than just mere negligence. *Collins v. City of Harker Heights*, 112 S.Ct. 1061, 1071 (1992); *Lewellen v. Metropolitan Government*, 34 F.3d 345, 349 (6th Cir. 1994). However, the intent in question is the intent to commit the act, not the intent that a certain result be achieved. Therefore, Officer Taylor's act of firing the gun was intentional, even if the result was not one he sought to achieve. Instructing the jury that more than negligence was required would likely confuse the jury as to the intent question. The district court thus did not err in failing to instruct the jury that mere negligence is not actionable under § 1983.

Defendant's alternative argument is that the district court erred by analyzing his actions under the Fourth Amendment. In its brief, the Defendant specifically argues that this court should apply a "shock the conscience" standard, rather than a "reasonableness" standard, implying that Defendant's actions should be analyzed under the Fourteenth Amendment, and not the Fourth. However, Defendant prevailed in