**Tonya TINCH, et al., Plaintiffs,**

v.

**CITY OF DAYTON, et al., Defendants.**

**No. C–3–89–263.**

United States District Court,
S.D. Ohio,
Western Division.

April 30, 2002.

Dwight Brannon, Dayton, OH, for Plaintiff.

Neil Freund, Dayton, OH, Joseph Campbell, Xenia, OH, for Defendant.

DECISION AND ENTRY QUANTIFYING AWARD OF ATTORNEY'S FEES AND COSTS; PLAINTIFFS AWARDED ATTORNEY'S FEES AND COSTS IN THE SUM OF $118,946.24; JUDGMENT TO ENTER ACCORDINGLY

RICE, Chief Judge.

This litigation arose out of an incident which took the life of Scott Tinch, who was shot and killed by Michael Sipes, an officer in the Dayton Police Department. Nearly two years after that incident, Tonya Tinch, the widow of Scott Tinch, initiated this action under 42 U.S.C. § 1983.[1] After lengthy pretrial proceedings, this litigation proceeded to trial. The jury returned answers to interrogatories, which resulted in this Court entering judgment in favor of the Plaintiffs in the sum of $111,000. *See* Docs. # 134 and # 143. Thereafter, both the Plaintiffs and the Defendants appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed this Court in all respects, except for the amount of damages awarded. *See Tinch v. City of Dayton,* 1996 WL 77445, 77 F.3d 483 (6th Cir.1996). As to damages, the Sixth Circuit concluded that the Plaintiffs were not entitled to recover, as an element of their damages, the loss of the enjoyment of life

of Scott Tinch. *Id.* at *2, 77 F.3d 483. As a consequence, the damages award was reduced from $111,000 to $25,000. On October 7, 1996, the United States Supreme Court denied Plaintiffs' petition for a writ of *certiorari. See* 519 U.S. 862, 117 S.Ct. 168, 136 L.Ed.2d 110 (1996).

While this case was on appeal before the Sixth Circuit, the Plaintiffs filed their Motion for an Award of Attorney's Fees and Costs (Doc. # 149), later supplemented with their Supplemental Motion for an Award of Attorney's Fees and Costs (Doc. # 214). Previously, this Court sustained those motions, concluding that the Plaintiffs had prevailed in this litigation and noting that the Defendants had failed to argue that the Plaintiffs were not entitled to recover any amount of attorney's fees and costs.[2] *See* Doc. # 239. The Court indicated that it would quantify that amount by a separate Entry. *Id.* As supplemented, the Plaintiffs requested attorney's fees and costs in the sum of $382,239.79. *See* Docs. # 149 and # 214. Herein, the Court quantifies the amount of that award, beginning its analysis by focusing on the amount of attorney's fees which the Plaintiffs seek to recover, following which it will turn to the Plaintiffs' request for an award of costs.

## I. *Attorney's Fees*

Under 42 U.S.C. § 1988(b), a District Court may award "a reasonable attorney's fee as part of the costs." Thus, this Court must determine what constitutes a "reasonable attorney's fee" in this litigation. In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court said that "[t]he most useful starting point for determining the amount of a reasonable fee is the

---

1. Tonya Tinch brought this litigation as Administrator of the estate of Scott Tinch and on behalf of her two children.

2. The Plaintiffs also requested prejudgment interest with that motion, a request which the Court denied. *See* Doc. # 239.

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433, 103 S.Ct. 1933. *See also, Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). The party seeking attorney's fees bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates claimed. *Granzeier v. Middleton,* 173 F.3d 568, 577 (6th Cir.1999). *See also, Reed v. Rhodes,* 179 F.3d 453, 472 (6th Cir.1999) (noting that the party seeking attorney's fees bears the burden of documenting her entitlement to the award). In determining the number of hours reasonably expended, the District Court should exclude excessive, redundant, or otherwise unnecessary hours. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. The multiplication of reasonable hours expended by a reasonable hourly rate results in the lodestar amount. The lodestar amount, in turn, may be enhanced or reduced by a multiplier. *Id.* at 434–37, 103 S.Ct. 1933. The Supreme Court explained in *Hensley:*

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* at 434, 103 S.Ct. 1933. There is, however, "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). A District Court's award of attorney's fees under § 1988 is entitled to "substantial deference." *Fisher v. City of Memphis,* 234 F.3d 312, 319 (6th Cir.2000).

The Plaintiffs seek attorney's fees in the sum of $317,410.00, *see* Docs. # 149 and # 214, representing compensation for a total of 1,714.05 hours expended in this litigation,[3] to be compensated at rates ranging from $50.00 to $250.00 per hour. *Id.* In addition, the Plaintiffs request that the Court enhance that amount with a multiplier, in order to reflect the quality of professional services rendered, the fact that counsel agreed to represent the Plaintiffs on a contingent fee basis and to vindicate the federal civil rights laws. As a means of analysis, the Court will initially discuss the question of whether the Plaintiffs are seeking compensation for a reasonable number of hours, following which it will turn to the hourly rates requested. Finally, the Court will decide whether the Plaintiffs are entitled to have their counsel's lodestar amount increased by a multiplier.

---

**3.** The Plaintiffs seek compensation for 1,474 hours with their Motion for Attorney's Fees and Costs (Doc. # 149) and 240.05 hours with their supplemental such (Doc. # 214). In those two filings, the Plaintiffs have identified a particular person who worked on this case by using his or her initials. Previously, the Court directed the Plaintiffs to identify those individuals more fully. *See* Doc. # 239. In response, the Plaintiffs have submitted an unsigned affidavit from Debra Walters, who is identified as a paralegal employed by Plaintiffs' primary counsel, Dwight Brannon. *See* Doc. # 240. A greater number of hours is claimed in that affidavit than the number of hours set forth in Plaintiffs' Motion and Supplemental Motion for Attorney's Fees and Costs. As the starting point for quantifying the amount of attorney's fees the Plaintiffs are entitled to recover, the Court has utilized the number of hours the Plaintiffs set forth in their two motions, rather than that claimed in Walters' unsigned affidavit.

## A. Reasonable Number of Hours Expended

As an initial matter, the Plaintiffs seek attorney's fees for a significant amount of time expended after the jury verdict was returned in this litigation. In particular, the Plaintiffs assert that their attorneys and their paralegal expended 428.55 hours after the jury returned its verdict on matters such as preparation and briefing of their post-judgment motions to the Court and the appellate proceedings. The Defendants argue that the Plaintiffs are not entitled to recover attorney's fees for time expended on their post-judgment motions and the appeal, because they were not successful on those matters. Since Plaintiffs did not prevail on their post-judgment motions or on their appeal, this Court agrees. *See Coulter v. Tennessee,* 805 F.2d 146, 151 (6th Cir.1986) (noting that in "motions that go to a particular issue in a case, the question should be whether the person seeking compensation prevailed on the motion or in the end prevailed on the issue raised in the motion in part as a result of the motion"), *cert. denied,* 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987). The Court notes that counsel expended some of that time after the jury verdict was returned, in order to prepare, to brief and to supplement Plaintiffs' request for attorney's fees and costs. The Sixth Circuit has recognized that a prevailing party is entitled to recover attorney's fees for the reasonable time expended to obtain an award of such fees. *Id.* Accordingly, the Court will allow the Plaintiffs to recover attorney's fees for the reasonable time expended by counsel to request same. The Court has reviewed the materials submitted by Plaintiffs to support their request for an award of attorney's fees and concludes that they are entitled to recover $2750.00, to compensate them for the time incurred to request such fees.[4]

---

4. That sum is computed in the following manner. In its filings, the Plaintiffs indicate that Dwight Brannon expended 8 hours to prepare and to brief the Plaintiffs' Supplemental Motion for Attorney's Fees and Costs. He also expended 5.00 hours preparing Plaintiffs' initial such motion. This Court finds that Brannon reasonably expended those 13 hours to prepare and to brief those two motions. Below, the Court concludes that Brannon should be compensated at $150.00 per hour; therefore, the Plaintiffs are entitled to recover $1950.00 for the time expended by him. Additionally, Plaintiffs indicate that the paralegal, Debra Walters, expended 32.00 hours working on their requests for an award of attorney's fees. Those hours are set forth in single entry, which included Walters' time for a period of six weeks. That entry merely provides that she had conducted a review of the hours submitted and prepared a bill. This Court is firmly convinced that a prevailing party has not meet her burden of persuasion and, thus, has not justified an award of attorney's fees, merely by submitting an entry which indicates that an individual spent 32 hours over a six-week period, reviewing billing records and preparing a bill. Rather, based upon its experience, the Court concludes that 8 hours is a reasonable amount of time for those tasks and reduces the number of compensable hours for Debra Walters accordingly. Below, the Court concludes that the appropriate hourly rate for her is $50.00; consequently, the Plaintiffs are entitled to receive $400.00 for the services performed by Debra Walters to prepare their requests for an award of attorney's fees. In addition, the Plaintiffs have indicated that Garctia Davis, a law clerk, expended 10.00 hours preparing their Supplemental Motion for Attorney's Fees and Costs. The Plaintiffs seek compensation at the rate of $75.00 per hour for Davis. Although the Court concludes that the number of hours expended by Davis is reasonable, it must conclude that the Plaintiffs, upon whom the burden of persuasion rests, have failed to demonstrate that $75.00 is a reasonable hourly rate for a law clerk in this legal market. Rather, based upon its experience with the rates charged in the local legal market, gained as a result of ruling upon numerous fee applications, the Court will award the Plaintiffs fees for Davis' work at the hourly

With their Motion for Attorney's Fees and Costs (Doc. # 149), the Plaintiffs claim that Dwight Brannon ("Brannon") expended 997.5 hours, that William Knapp ("Knapp"), another attorney, expended 146 hours and that the paralegal Debra Walters ("Walters") expended 330.75 hours. However, from those totals, the Court must deduct the time which they expended after the jury returned its verdict. As a result, the Court will limit the Plaintiffs' request to 842.5 hours for Brannon, 146 hours for Knapp and 297.25 hours for Walters.[5]

That number of hours is the starting point for the Court's determination of a reasonable amount of time expended on this litigation. The Defendants argue that the Plaintiffs are seeking compensation for an unreasonably large amount of time, which the Court should reduce. Based upon the reasoning set forth in the following two paragraphs, the Court will reduce the number of hours claimed by the Plaintiffs by 30%.

As an initial matter, in *Hudson v. Reno*, 130 F.3d 1193 (6th Cir.1997), *cert. denied*, 525 U.S. 822, 119 S.Ct. 64, 142 L.Ed.2d 50 (1998), *overruled in part on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001), the Sixth Circuit indicated that a District Court retains the discretion to make a simple across-the-board reduction, by a certain percentage, in order to account for duplicative hours. 130 F.3d 1209.[6] *Accord, Coulter*, 805 F.2d at 152. Consequently, this Court concludes that it

possesses the discretion to reduce the amount of attorney's fees Plaintiffs are seeking, by a percentage on an across-the-board basis, and turns to the question of whether to exercise that discretion in this litigation.

■ Herein, the Plaintiffs seek compensation for a number of duplicative hours. Brannon, Knapp and Walters all recorded a significant number of hours in months preceding the trial, as well as during the trial itself. It appears from the documentation supplied by the Plaintiffs, as well as from the Court's observation of the trial (i.e., three people attending the trial every day with only Brannon actively participating), that their counsel and paralegal engaged in duplication of effort. However, duplicative hours alone have not convinced this Court to reduce the number of hours which will be compensated by 30%. Rather, the Plaintiffs have failed to explain adequately the tasks that Brannon, Knapp and Walters performed. Numerous entries indicate that one of the three spent ten or more hours on a particular day in "trial preparation," without a detailed explanation of the tasks accomplished during those hours. *See Reed*, 179 F.3d at 472 (noting that, where the documentation of hours is inadequate, the District Court may reduce the award). In addition, the Court notes that Plaintiffs' counsel recorded a large number of hours to work on their clients' 76 page Motion for Summary Judgment (Doc. # 53), which this Court overruled. *See* Doc. # 73. *See Coulter*,

---

rate of $40.00, or $400.00. Accordingly, the Court concludes that the Plaintiffs are entitled to receive $2750.00, for attorney's fees incurred to prepare, to brief and to supplement their request for an award of attorney's fees.

**5.** According to Plaintiffs' Motion for Attorney's Fees and Costs (Doc. # 149), Brannon expended 155 hours after the jury had returned its verdict, while Walters had spent

33.5 hours. Of course, the Court has permitted the Plaintiffs to recover fees for some of that time, as part of the compensation for preparing, briefing and supplementing their request for attorney's fees and costs.

**6.** In *Hudson*, the Sixth Circuit concluded that the District Court had not abused its discretion by reducing the number of hours by 25%, across-the-board.

805 F.2d at 151. Additionally, the Court questions the accuracy of the recording of time by Plaintiffs' counsel, since it appears that counsel did not consistently record time, contemporaneously with the expenditure of hours on behalf of the Plaintiffs.[7] For instance, on January 28, 1992, Brannon recorded 25 hours which were for tasks that had been performed during the previous year. For the foregoing reasons, the Court finds that to arrive at a reasonable number of hours expended it must reduce the hours claimed by 30%.

Based upon the foregoing, the Court finds that Brannon reasonably expended 589.75 hours, that Knapp reasonably expended 102.2 hours and that Walters reasonably expended 208.075 hours.

*B. Reasonable Hourly Rate*

Since the Court will award attorney's fees only for activities occurring through the time the jury returned its verdict, with the addition of the attorney's fees necessary to file the two motions seeking such, it is only necessary to discuss the hourly rate of the individuals who expended time for the Plaintiffs through that date. The Plaintiffs have identified two attorneys and a paralegal who worked on this litigation during that period, to wit: attorneys Brannon and Knapp and paralegal Walters.[8] The Plaintiffs request hourly rates for these three individuals at rates which vary from $50.00 to $250.00 per hour. With their filings, the Plaintiffs have not requested a consistent hourly rate for Brannon and Walters. For instance, with their Motion for an Award of Attorney's Fees and Costs (Doc. # 149), the Plaintiffs seek

compensation for Brannon at the rate of $250.00 per hour and compensation at the rate of $65.00 per hour for Walters. With their supplemental motion (Doc. # 214), the Plaintiffs request that Brannon be compensated at the hourly rate of $200.00, and that Walters be compensated at the hourly rate of $50.00. The Plaintiffs seek compensation for Knapp at $150.00 per hour.[9]

In *Coulter, supra,* the Sixth Circuit discussed the manner in which a District Court should determine the reasonable hourly rate:

> [Attorneys fees awarded pursuant to fee shifting statutes] are different from the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate. We therefore apply the principle that hourly rates should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question.

805 F.2d at 149 (footnote omitted). *Accord, Reed,* 179 F.3d at 472. *See also, Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (noting that "reasonable fees under § 1988 are to be calculated according to the prevailing market rates in the relevant community").

■ As indicated, the Plaintiffs seek compensation for Brannon at the rate of $250.00 per hour with their Motion for

---

7. This comment is in *no* way intended as a reflection on the ethics or integrity of counsel.

8. The Plaintiffs are entitled to recover attorney's fees for the time expended by Walters, the paralegal. *See Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

9. The Plaintiffs only seek to recover attorney's fees for Knapp with their Motion for Attorney's Fees and Costs (Doc. # 149). He is not mentioned in their Supplemental Motion for Attorney's Fees and Costs (Doc. # 214).

Attorney's Fees and Costs, while they seek the hourly rate of $200.00 in their supplemental motion. The Court accepts for present purposes that Brannon's customary hourly rate is between $200.00 and $250.00; however, in accordance with *Coulter*, the Court must determine what hourly rate is necessary to encourage competent lawyers to represent civil rights claimants such as the Plaintiffs, not what Brannon's normal hourly rate might be. Based upon its knowledge of the market rates for legal services such as those provided to the Plaintiffs by Brannon, gained as a result of ruling upon numerous requests for attorney's fees, this Court finds that $150.00 is an appropriate hourly rate, which would encourage competent counsel to represent individuals such as the Plaintiffs in this litigation. It should be noted that the Plaintiffs, upon whom the burden of persuasion rests, have not presented evidence which would justify an hourly rate for Brannon in excess of $150.00. The affidavits submitted by Brannon focus upon the rate he customarily charges his clients and the fact that his effective hourly rate is between $400.00 and $800.00, because he represents numerous clients on a contingent fee basis. That evidence does not address the pertinent question, i.e., what hourly rate in this region is necessary to encourage competent lawyers to represent civil rights claimants such as the Plaintiffs.

■ The Plaintiffs request that the Court compensate them at $150.00 for the services performed as Knapp. Although Knapp attended the trial of this lawsuit, his participation was limited; in other words, he filled the role of "second chair," by assisting Brannon. Based upon its experience with the rates charged in this legal market, and, further, in the absence

of evidence from the Plaintiffs justifying a higher hourly rate, the Court concludes that $100.00 is an appropriate hourly rate to be paid to an attorney who attends trial as the "second chair," without actively participating in it.[10]

■ The Plaintiffs request that the Court compensate them at the rate of either $50.00 or $65.00 for the services performed by Walters. Based upon its experience with the rates charged in the local legal market, and, further, in the absence of evidence from the Plaintiffs justifying a higher hourly rate, the Court concludes that $50.00 is an appropriate hourly rate for a paralegal.

### C. Multiplier

■ The third question which the Court must determine is whether to enhance the lodestar amount by applying a multiplier as Plaintiffs request. In support of their request for a multiplier, the Plaintiffs have suggested that the Court should enhance the lodestar amount, in order "to reflect the contingent nature of this litigation." Doc. # 149 at 2. In *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), the Supreme Court held that, under federal fee shifting statutes, District Courts could not apply a multiplier reflecting the fact that the prevailing party's counsel had a contingent fee arrangement. Accordingly, this Court cannot multiply the lodestar amount to reflect the contingent nature of the fee arrangement of Plaintiffs' counsel.

In addition, in *Blum, supra,* the Supreme Court discussed the circumstances under which a multiplier is appropriate. In particular, the *Blum* Court held that, although the product of a reasonable hour-

---

10. Knapp did not begin to work on this case until approximately 10 days before the trial began. During the pretrial period, Knapp merely assisted in trial preparation, thus essentially performing the role of second chair during that period, as well.

ly rate and the hours reasonably expended is presumed to be a reasonable attorney's fee, an award can be enhanced through the use of a multiplier to reflect "exceptional success." 465 U.S. at 897, 104 S.Ct. 1541. The burden is on the party seeking the enhanced award to prove that such an adjustment is necessary. *Id.* at 898, 104 S.Ct. 1541. The *Blum* Court also held that the presence of complex and novel issues in a lawsuit and the high quality of representation will not warrant the application of a multiplier. *Id.* at 898–99, 104 S.Ct. 1541. Herein, the Plaintiffs have failed to present evidence which would warrant the application of a multiplier to enhance the award of attorney's fees. Their request for a multiplier to reflect the quality of their counsel's representation is foreclosed by *Blum.* Moreover, the Court cannot conclude that Plaintiffs' counsel obtained "exceptional success" for his clients in this litigation. Additionally, the issues presented in this litigation were not novel.

The Plaintiffs have also argued that a multiplier is warranted to vindicate federal civil rights laws. The Court agrees that this litigation vindicated such laws, given that the Plaintiffs prevailed in this civil rights litigation, brought under 42 U.S.C. § 1983. As a consequence, the Plaintiffs are entitled to recover reasonable attorney's fees, in accordance with 42 U.S.C. § 1988. However, the Court will not apply a multiplier merely because this litigation vindicated federal civil rights laws. There is no basis for applying a multiplier for that reason in this lawsuit, while refusing to do so in any other action brought under § 1983 in which the plaintiff prevails. The Plaintiffs are, in effect, requesting that this Court adopt a *per se*

rule under which the plaintiff's fee request would be adjusted upward, because all successful lawsuits under § 1983 vindicate federal civil rights laws. Such a rule would contravene *Blum,* wherein the Supreme Court held that a multiplier was to reflect "exceptional success," and *Dauge,* wherein the Supreme Court reiterated that there is a "strong presumption" that the lodestar amount represents a reasonable fee.

Accordingly, the Court declines to apply a multiplier to the product of the reasonable hourly and the hours reasonably expended.

Based upon the foregoing, the Court concludes that the Plaintiffs are entitled to recover attorney's fees in the sum of $111,836.25.[11]

## II. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party." It is not questioned that the Plaintiffs prevailed in this litigation and that, therefore, they are entitled to recover their costs. The question is whether they can recover the entire amount they seek. With their Motion for Attorney's Fees and Costs (Doc. # 149) and Supplemental Motion for Attorney's Fees and Costs (Doc. # 214), the Plaintiffs seek to recover the sum of $64,829.79 as costs. After the Court conducted argument on Plaintiffs' request for attorney's fees and costs, it permitted the Plaintiffs to supplement their request with an affidavit of counsel and specific receipts justifying the claimed costs. *See* Notation Entry Appearing on Doc. # 248. The Plaintiffs have filed an affidavit by

---

11. That figure is composed of $88,462.50 for the time expended by Brannon (589.75 hours at $150.00 per hour), $10,220.00 for the time expended by Knapp (102.2 hours at $100.00 per hour), $10,403.75 for the time expended by Walters (208.075 hours at $50.00 per hour) and $2,750.00 for the time spent to prepare, to brief and to supplement the Plaintiffs' request for an award of attorney's fees.

Brannon, to which a number of receipts have been attached as exhibits. *See* Doc. # 259. With this filing, the Plaintiffs seek to recover costs in the reduced sum of $77,235.77. *See* Doc. # 259.

In *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court held that 28 U.S.C. § 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440, 107 S.Ct. 2494. Section 1920 provides, in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In *Crawford Fitting*, the Supreme Court emphasized that Rule 54(d)(1) is not a separate source of authority, granting to District Courts the discretion to tax items which are not set forth in § 1920 as costs. 482 U.S. at 441–42, 107 S.Ct. 2494. *See also, Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 426 (6th Cir.2001). Accordingly, this Court may award costs to Plaintiffs, only for those items which are set forth in § 1920.

■ As an initial matter, as they did with their request for attorney's fees, the Plaintiffs seek to recover costs incurred both before and after the jury rendered its verdict herein. Above, the Court has concluded that the Plaintiffs may not recover attorney's fees for time expended after the jury returned its verdict, because they did not prevail on their post-trial motions or on appeal. For the same reasons, the Court will not allow the Plaintiffs to recover any costs they incurred after the jury returned its verdict.[12] As a consequence, the Court will not permit the Plaintiffs to recover, $26,211.88, the sum they indicate they incurred as costs after the jury returned its verdict.[13]

Certain items claimed are clearly recoverable. For instance, the Plaintiffs may recover the filing fee, $120.00, which they were required to pay when they initiated this litigation.[14] *See* 42 U.S.C. § 1920(1).

■ In addition, the Plaintiffs are entitled to recover fees paid to court reporters for transcripts of depositions. *See* 28 U.S.C. § 1920(2). *See also, United States E.E.O.C. v. W & O, Inc.*, 213 F.3d

---

**12.** The Court did award Plaintiffs attorney's fees for the time expended by their counsel to file and to brief their Motion and Supplemental Motion for Attorney's Fees and Costs. The Court is not able to award Plaintiffs the costs incurred in connection with those motions, because it is not possible to ascertain the portion of the costs sought which is attributable to same.

**13.** That sum is reflected in Exhibits 1.39, 1.44, 1.54, 1.55, 1.58–1.63 and 2.01–2.17, to Brannon's affidavit (Doc. # 259). The largest post-verdict expenditures were to obtain transcripts of the trial and for legal research assistance, both for purposes of filing the post-trial motions and the appeal.

**14.** The Plaintiffs are not, however, entitled to recover the filing fee of $80.00, which they paid to initiate a parallel lawsuit in the Montgomery County Court of Common Pleas. *See* Doc. # 259 at Ex. 1.01.

600, 620 (11th Cir.2000); *In re Baby Food Antitrust Litigation,* 166 F.3d 112, 138 (3rd Cir.1999); *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir.1998); *Sales v. Marshall,* 873 F.2d 115, 119 (6th Cir. 1989). Courts have also held that the prevailing party may recover the cost of video depositions pursuant to § 1920(2). *Cherry v. Champion International Corp.,* 186 F.3d 442, 448 (4th Cir.1999); *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1477 (10th Cir.1997); *Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 464–65 (11th Cir.1996); *Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir.1990). Of course, in accordance with § 1920(2), only transcripts of depositions "necessarily obtained for use in the case" may be recovered as costs. In *Sales,* the Sixth Circuit explained that "necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." 873 F.2d at 119. *See also, Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000), *cert. denied,* 531 U.S. 1079, 121 S.Ct. 779, 148 L.Ed.2d 676 (2001). Herein, the Plaintiffs may recover $3,213.25 as deposition costs, for transcripts and video depositions necessarily obtained for use in this litigation.[15]

 Plaintiffs are also entitled to recover the amount which is authorized to be paid to witnesses by 28 U.S.C. § 1821(b), i.e., $40.00 a day plus mileage. *See* 28 U.S.C. § 1920(3). *See also, Crawford Fitting, supra.* In *West Virginia*

University Hospitals, Inc. v. Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), the Supreme Court held that expert fees could not be shifted to the losing party under § 1988. Although Congress amended § 1988 after *Casey* to authorize the award of expert fees in cases brought under 42 U.S.C. § 1981 and § 1981a, P.L. No. 102–166, § 113(a)(2), 105 Stat. 1071, 1079 (1991), that amendment does not affect actions, such as this litigation, which have been brought under § 1983. *See Jenkins v. Missouri,* 158 F.3d 980, 983 (8th Cir.1998); *Webster Greenthumb Co. v. Fulton County, Georgia,* 112 F.Supp.2d 1339, 1380 (N.D.Ga.2000) (and cases cited therein). Accordingly, although the Plaintiffs are entitled to recover $40.00 per witness, they are not entitled to recover, as part of their costs, the sum Plaintiffs' expended on expert witnesses.[16] Accordingly, the Court awards the Plaintiffs $1000.00, as witness fees.[17]

 Under § 1920(4), the Plaintiffs are entitled to recover the expenses they incurred to make copies. *Jordan v. Vercoe,* 1992 WL 96348, 966 F.2d 1452 (6th Cir.1992). Courts have held that § 1920(4) authorizes a court to award as costs the expense incurred to make copies of photographs. *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.,* 249 F.3d 1293, 1296 (11th Cir.2001); *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 644 (7th Cir. 1991); *Little Oil Co. v. Atlantic Richfield*

**15.** That expense is reflected in Exhibits 1.04, 1.05, 1.09 1.14, 1.26, 1.41, 1.42 and 1.47 to Brannon's affidavit (Doc. # 259).

**16.** The expense Plaintiffs incurred for expert witnesses, including travel for such individuals, is reflected in Exhibits 1.18–1.20, 1.23, 1.45, 1.49–1.51, 1.53, 1.57, 1.64–1.71 of Brannon's affidavit (Doc. # 259).

**17.** That expense is reflected on Exhibits 1.35 and 1.56 to Brannon's affidavit (Doc. # 259).

According to those two Exhibits, a witness fee of $40.00 was paid to each of the following individuals, to wit: Gene Brown, J.R. Williams, Rhonda Grubbs, Rhonda Wells, Joyce Bullen, Deneen Moore, Delores Tinch, Tyree Broomfield, Lloyd Brown, Virginia Travis, Nikki Dardio, Millicent Swinford, Wanda DeHart, Jay Coover, Vickie Grubbs, Sandra Thorpe, James Powers, Harry Tullis, Robert Mannix, William Fricker, Gerald Morgan, Rodney Bertsch, Michael Armaseda, Chris Krug and Robin Tinch.

*Co.*, 852 F.2d 441, 448 (9th Cir.1988); *In re Air Crash Disaster*, 687 F.2d 626, 632 (2nd Cir.1982); *Northcross v. Board of Education*, 611 F.2d 624, 642 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). The Plaintiffs seek to recover $4,839.34 for copies, including copies of photographs.[18] For reasons which follow, the Court concludes that the Plaintiffs may recover $2,656.74, as costs for copies. One of the items which makes up this request is a bill from the law firm representing Plaintiffs for $2,728.25, which represents 10,913 copies at $0.25 per page. *See* Brannon's Affidavit (Doc. # 259) at Exhibit 1.72. Based upon its experience of reviewing numerous requests for costs, this Court finds that the rate of $0.25 per page is excessive. The Plaintiffs, upon whom the burden of persuasion rests, have not submitted evidence, tending to establish that $0.25 per page is a reasonable charge for copies. Rather, the Court will award Plaintiffs the rate of $0.05 per page, or $545.65 for the 10,913 copies. Consequently, the Court awards the Plaintiffs the sum of $2,656.74, for copies, including copies of photographs.

■ The Plaintiffs seek to recover a significant amount paid to a private investigator. Courts have held that a prevailing party is not entitled to recover expenses incurred by an investigator, since those expenses are not set forth as recoverable costs under § 1920. *Dibler v. Metwest, Inc.*, 1997 WL 222910 (N.D.Tex. 1997); *Surgner v. Blair*, 1996 WL 284993 (E.D.Pa.1996). Accordingly, the Court will not tax, as costs, the sum which Plaintiffs paid to private investigators, to wit: $6,035.41.[19]

■ Courts have permitted a prevailing party to recover the sum paid to a private process server to serve subpoenas, as long as the amount charged does not exceed that which would be charged by the United States Marshall pursuant to 28 U.S.C. § 1921. Therefore, the Plaintiffs are entitled to recover the sum paid to a court reporter to serve deposition subpoenas. *United States E.E.O.C.*, 213 F.3d at 624 (holding that 42 U.S.C. § 1920(1), read in conjunction with 42 U.S.C. § 1921, authorizes a District Court to tax as costs, fees charged by private process servers as long as those fees do not exceed the amount charged by the United States Marshall); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996) (same); *United States for the Use and Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2nd Cir.1996) (same). Under 28 U.S.C. § 1921(b), the Attorney General is permitted to prescribe by regulation the fees which will be charged by the Marshal's Service to serve subpoenas and other process. Those regulations provide that the Marshall's Service charges $45.00 per hour to serve subpoenas. *See* 28 C.F.R. § 0.114. Two of the Plaintiffs' exhibits relate to service by private process servers. The first, Exhibit 1.15 to Brannon's affidavit (Doc. # 259), is for service of subpoenas on a number of individuals and is in the amount of $120.00. Since it does not exceed the amount authorized by 28 C.F.R. § 0.114, the Court concludes that the Plaintiffs are entitled to recover that sum. The other, Exhibit 1.52 to Brannon's affidavit (Doc. # 259), is a bill from R.L. Emmons and Associates, Inc., in the amount of $6,275.74. Although this bill includes charges for service of process, it is apparent that it is also for additional

---

18. That expense is reflected in Exhibits 1.02, 1.24, 1.25, 1.27–1.29, 1.30, 1.32, 1.33, 1.37, 1.46, 1.48 and 1.72, to Brannon's affidavit (Doc. # 259).

19. That expense is reflected in Exhibits 1.07, 1.08 and 1.17 to Brannon's affidavit (Doc. # 259).

investigative services, such as locating potential witnesses. Above, the Court has concluded that the Plaintiffs may not recover, as part of costs, the amount which it paid to investigators; therefore, the Court cannot permit the Plaintiffs to recover the portion of this bill Moreover, it is not possible to separate out the portion of that bill which is for the service of process. Accordingly, the Court will not tax as costs, any of portion of the bill from R.L. Emmons and Associates, Inc. Accordingly, the Court concludes that the Plaintiffs are entitled to recover $120.00 for service of subpoenas.

The Court will not permit the Plaintiffs to recover the following expenses, since none is listed as a cost which may be recovered under § 1920, to wit: appearance fees charged by court reporters for depositions which did not occur, reflected in Exhibits 1.06 and 1.43 to Brannon's affidavit (Doc. # 259); parking at the Montgomery County parking garage, reflected in Exhibit 1.16 to Brannon's affidavit (Doc. # 259); Federal Express charges, reflected in Exhibits 1.21, 1.22 and 1.36 to Brannon's affidavit (Doc. # 259); office supplies for Plaintiffs' counsel, reflected in Exhibit 1.31 to Brannon's affidavit (Doc. # 259); copies of federal jury instructions, reflected in Exhibit 1.38 to Brannon's affidavit (Doc. # 259); and $4.25 paid to Revco for some unstated purpose, reflected in Exhibit 1.40 to Brannon's affidavit (Doc. # 259).

Based upon the foregoing, the Court awards costs to the Plaintiffs in the sum of $7109.99 (consisting of $120.00 for the filing fee, $3,213.25 for transcripts and video depositions, $1000.00 for witness fees, $2,656.74 for copies and $120.00 to serve subpoenas).[20]

Accordingly, the Court awards Plaintiffs attorney's fees and costs in the amount of $118,946.24. Judgment will be entered in favor of Plaintiffs and against Defendants accordingly.

---

20. In his affidavit, Brannon has listed a number of items for which receipts could not be located. In the absence of any documentation substantiating the claimed expenses or even an explanation as to how he can be certain that the expenses were incurred, if there is no documentation, this Court cannot award costs for those items.